IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MILDRED MCGHEE MORRIS**<br>**THE ESTATE OF LESLIE L.F. MORRIS,**<br>**SR., M.D.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BANK OF AMERICA,**<br><br>*Defendants*. | Civil No.: 1:24-cv-01949-JRR |

## MEMORANDUM OPINION

*Pro Se* Plaintiff Mildred McGhee Morris filed this action against Defendant Bank of America alleging negligence, breach of contract, and fraud. This matter comes before the court on Defendant's Motion to Dismiss. (ECF No. 6; "the Motion.") The court has reviewed all motions papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, by accompanying order, the Motion will be GRANTED.

**I.    BACKGROUND[1]**

In 2021, Plaintiff Mildred McGhee Morris's brother, William McGhee, Jr., brought a garnishment action against Plaintiff in the Circuit Court for Harford County, Maryland (*William McGhee, Jr., et al. v. Mildred Morris*, Case No. C-12-JG-20-00275). (ECF No. 3 ¶ 8, ex. 7.) On March 1, 2021, Judge Yolanda L. Curtain of the Circuit Court for Harford County entered judgment in favor of William McGhee and ordered Defendant Bank of America, as Plaintiff's garnishee, to pay $53,041.12 to Mr. McGhee's attorney, Kevin T. Olszewski. *Id.* at ¶ 12, ex. 7. On March 12, 2021, Defendant released $43,772.12 from Plaintiff's accounts to Mr. Olszewski. *Id.* at ¶¶ 10, 12,

---

[1] For purposes of resolving the pending Motions, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 6.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

15. On April 22, 2024, in response to correspondence from Plaintiff, Defendant advised by return letter that it had sent "a turnover order for $43,772.12 to the judgment creditor's attorney." *Id*. at ¶ 15.

On May 23, 2024, Plaintiff sued Defendant in the Circuit Court for Harford County for negligence, breach of contract, and fraud – all related to Defendant's release of funds to Mr. Olszewski. (ECF No. 3.) Defendant timely removed this action on July 5, 2024, and filed the instant motion on July 12, 2024. (ECF Nos. 1, 6.) Defendant seeks dismissal of all counts. On July 29, 2024, Plaintiff responded to the Motion. (ECF No. 11).

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Defendant's motion is brought pursuant to Rule 12(b)(6). A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### B. Federal Rule of Civil Procedure Rule 9(b)

Defendant also moves to dismiss Count III under Federal Rule of Civil Procedure 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b).  *See Iqbal*, 556 U.S. at 686 ("Rule 9(b) requires particularity when pleading 'fraud or mistake,' while allowing 'malice, intent, knowledge, and other conditions of a person's mind to be alleged generally.'"); *Layani v. Ouazana*, No. CV ELH-20-420, 2021 WL 805405, at *23 (D. Md. Mar. 3, 2021) ("Claims that sound in fraud, whether rooted in common law or arising under a statute, implicate the heightened pleading standard of Rule 9(b).").  "These circumstances are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999)).  They are often "referred

to as the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation omitted).

## III. ANALYSIS

As an initial matter, the court is mindful that "pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

### A. Statute of Limitations as to All Counts

Defendant argues that Plaintiff's claims for negligence, breach of contract, and fraud are barred by Maryland's three-year statute of limitations. (ECF No. 6-1 p. 4.) In her response, Plaintiff fails to address Maryland's statute of limitations. (ECF No. 11).

"A court may dismiss a complaint on statute of limitations grounds 'if the time bar is apparent on the face of the complaint.'" *Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) (quoting *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). Under Maryland law, "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." MD. CODE ANN., CTS. & JUD. PROC. § 5-101. Claims of negligence, breach of contract, and fraud are subject to Maryland's three-year statute of limitations. *State Auto. Mut. Ins. Co. v. Lennox*, 422 F. Supp. 3d 948, 962–63 ("In Maryland, an action for breach of contract is generally governed by Maryland's three-year statute of limitations . . . . Negligence

4

claims are also subject to a three-year statute of limitations."); *Zambito v. Ocular Benefits, LLC*, No. CV DKC 23-1875, 2023 WL 8545230, at *7 (D. Md. Dec. 11, 2023) (applying § 5-101's three-year limitation to plaintiff's fraud allegation).

"A negligence action accrues 'when facts exist to support each element of the action.'" *State Auto.*, 422 F. Supp. 3d at 963 (quoting *Kirson v. Heckstall*, No. 698, Sept. Term, 2017, 2019 WL 290121, at *8 (Md. App. Jan. 15, 2019)). In order to state a claim for negligence, a plaintiff must plausibly allege: (1) a legally cognizable duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) actual injury or loss suffered by the plaintiff; and (4) that such injury or loss resulted from the defendant's breach of the duty. *Green v. N. Arundel Hosp. Ass'n, Inc.*, 366 Md. 597, 607 (2001). Plaintiff argues that Defendant "owed a duty of care to Plaintiff to ensure proper verification of documents before release funds" and breached its duty by failing to do so. (ECF No. 3 ¶¶ 18, 19.) Thus, Defendant's duty existed, and its breach occurred, before the release of funds on March 12, 2021. Plaintiff's actual loss occurred on March 12, 2021, when Defendant released her account funds. In sum, all facts on which Plaintiff relies to state her claim of negligence occurred on or before March 12, 2021. Plaintiff filed the instant Complaint more than three years later, on May 23, 2024. (ECF No. 6.)

"A cause of action for breach of contract accrues when the contract is breached." *Boyd v. Bowen*, 145 Md. App. 635, 669 (2002). Plaintiff alleges that Defendant breached its contract with Plaintiff "by failing to safeguard Plaintiff's funds and releasing them." (ECF No. 3 ¶ 23.) Again, because the release in question occurred on March 12, 2021, the alleged breach occurred on or before that date. Plaintiff then had until March 12, 2024 to raise this breach of contract claim. She failed to do so.

Maryland courts also apply the "discovery rule" of accrual generally in all actions. *Poffenberger v. Risser*, 290 Md. 631, 636 (1981). Under the discovery rule, a cause of action accrues for purposes of limitations when "the claimant in fact knew or reasonably should have known of the wrong." *Id*. Under the discovery rule, "the burden is on Plaintiffs to prove that they did not discover the alleged wrong more than three years before they filed suit and that this lack of discovery was not due to Plaintiffs' unreasonable failure to exercise ordinary diligence." *Finch v. Hughes Aircraft Co*., 57 Md. App, 190, 241 (1984).

In her response to the Motion, Plaintiff fails to acknowledge Defendant's argument that her claims are time-barred. (ECF No. 11.) While Plaintiff asserts she did not receive notification from Defendant about the March 12, 2021 release of funds until April 23, 2024, she does not allege that she was unaware of the release until the 2024 correspondence. (ECF No. 3 ¶¶ 10, 15.) Importantly, in her response to the Motion, Plaintiff asserts that on March 1, 2021, her six accounts with Bank of America were closed and "all funds were given to Attorney Olszewski" – and that she discovered this on March 2, 2021. (ECF No. 11 p. 6). Accordingly, Plaintiff's negligence, breach of contract, and fraud claims had accrued by March 12, 2021. Because Plaintiff did not raise these claims until more than three years following accrual, the Complaint is untimely on its face and merits dismissal.

### B. Rule 9(b) as to Count III

Even were Plaintiff's fraud claim timely, it fails for non-compliance with Federal Rule of Civil Procedure 9(b)'s specificity requirement. *See* Section II.B., *supra*.

In its entirety, Plaintiff's fraud count reads, "Bank of America, in collusion with Attorney Kevin Olszewski, fraudulently released Plaintiff's funds without proper authorization." (ECF No. 3 ¶ 26.) Plaintiff fails to include any factual specificity regarding the circumstances, contents, or

results of any alleged false representations.  Accordingly, Plaintiff fails to satisfy the pleading requirements of Rule 9(b) and Count III will be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, by separate order, Defendant's Motion to Dismiss (ECF No. 6) shall be granted, and this case will be DISMISSED.[2]

Date: November 1, 2024                                                                /S/
                                                                                      _____
                                                                                      Julie R. Rubin
                                                                                      United States District Judge

---

[2] Defendant seeks dismissal with prejudice.  The court declines to dismiss this action with prejudice.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").