**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MILDRED MCGHEE MORRIS**<br>**THE ESTATE OF LESLIE L.F. MORRIS,**<br>**SR., M.D.,** | |
| *Plaintiff*, | |
| **v.** | **Civil No.: 1:24-cv-01949-JRR** |
| **BANK OF AMERICA,** | |
| *Defendant*. | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Plaintiff Mildred McGhee Morris' Motion for Reconsideration.  (ECF No. 18; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2023).

As discussed in this court's memorandum opinion issued November 14, 2024, this case arises from Defendant's release of funds in compliance with a judgment and order entered in a separate case between Plaintiff and her brother, William McGhee, Jr.  (ECF No. 14 at p. 1.)  Plaintiff brought the instant action against Defendant in the Circuit Court for Harford County for negligence, breach of contract, and fraud – all related to Defendant's release of funds to Mr. McGhee's attorney, Kevin T. Olszewski.  *Id.*  Defendant timely removed this action on July 5, 2024, and filed a Motion to Dismiss on July 12, 2024.  (ECF Nos. 1, 6.)  On November 1, 2024, this court granted the Motion to Dismiss.  (ECF Nos. 14, 15.)

On December 2, 2024, Plaintiff filed the Motion.  In the Motion, Plaintiff does not seek relief pursuant to a specific Federal Rule of Civil Procedure; however, she asks the court to "[r]econsider its decision to dismiss this case and allow the matter to proceed to trial; [g]rant the Plaintiff an opportunity to present evidence of negligence, breach of contract, and fraud in relation

to the Defendant's conduct; [and] [i]f necessary, permit the Plaintiff to appeal the dismissal and proceed with the claims as outlined in the original complaint."  (ECF No. 18 at p. 3.)

This court's decision to grant the Motion to Dismiss was a final order and thus not eligible for reconsideration under Federal Rule of Civil Procedure 54(b).  Rule 54(b) "governs reconsideration of orders that do not constitute final judgments in a case (*i.e.,* interlocutory orders)."  *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018).  In contrast, "Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment."  *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024).

"The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022) (citing cases).  A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly."  *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)).  "[T]he prior judgment cannot be 'just maybe or probably wrong; it must . . .  strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'"  *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)).  "In other words, the Court's previous judgment must be 'dead wrong.'"  *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal

theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  A motion under Rule 59(e) is similarly "not authorized to enable a party to complete presenting [her] case after the court has ruled against [her]." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). Indeed, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

First, and fatally, Plaintiff's Motion was not filed within 28 days of the court's order granting Defendant's Motion to Dismiss.  Rule 59(e) is clear that a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Additionally, under this court's Local Rules, "any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order."  Local Rule 105.10 (D. Md. 2023).  Plaintiff's Motion was filed on December 2, 2024, 31 days after this court's Order of November 1, 2024.

Second, even were Plaintiff's Motion timely, Plaintiff offers no argument that the circumstances here warrant relief under Rule 59(e).  She has not identified an intervening change in controlling law, and the court discerns no error of law on its part. *Jackson*, 633 F. Supp. 3d at 745.  Plaintiff reiterates the same arguments presented in opposition to Defendants' Motion to Dismiss, which were rejected by this court.

Accordingly, it is this 1st day of April 2025:

**ORDERED** that the Motion (ECF No. 18) shall be, and is hereby, **DENIED**.

/S/

_____
Julie R. Rubin
United States District Judge